IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-146-RLJ-DCP |
| AVERY DUAN WESTFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant's Motion to Continue Trial [Doc. 13], filed on February 14, 2022. Defendant asks the Court to continue the March 15, 2022, trial date because defense counsel needs additional time to complete his investigation into the facts and circumstances of this matter and cannot yet fully advise Defendant of the best possible resolution for his case. The motion relates that the right to a speedy trial has previously been explained to Defendant, and Defendant understands the need for a continuance. The motion further relates that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of June 21, 2022.

The Court finds Defendant's Motion to Continue Trial [Doc. 13] is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, Defendant's counsel needs additional time to complete his investigation into the facts and circumstances of this matter so he

can fully advise Defendant of the best possible resolution for his case. Thus, the Court concludes that without a continuance, Defendant would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Motion to Continue Trial [**Doc. 13**] is **GRANTED**. The trial of this case is reset to **June 21, 2022**. The Court finds that all the time between the filing of the motion on February 14, 2022, and the new trial date of June 21, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)–(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial [**Doc. 13**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 21, 2022**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the motion on **February 14, 2022**, and the new trial date of **June 21, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **March 4, 2022,** and responses will be due **March 18, 2022**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 23, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **June 6, 2022, at 11:30 a.m.**;

(7) The deadline for filing motions *in limine* is **June 6, 2022**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **June 10, 2022.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge